IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FLUSHING BANK successor to
FLUSHING SAVINGS BANK, F.S.B.
220 RXR Plaza
Uniondale, NY 11556,

      Plaintiff

  v.

EXPORT-IMPORT BANK OF THE
UNITED STATES
811 Vermont Avenue, NW
Washington, DC 20571,

      Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff FLUSHING BANK, successor to Flushing Savings Bank, F.S.B., by and through its attorneys Jones Walker, LLP, alleges in this verified complaint against Defendant EXPORT-IMPORT BANK OF THE UNITED STATES, on knowledge as to Plaintiff and on information and belief as to all other matters, as follows:

### PARTIES

1.    Plaintiff Flushing Bank (the "Bank") is and at all times hereinafter mentioned, a New York State-chartered commercial bank insured by the Federal Deposit Insurance Corporation. The Bank's principal place of business is located in New York at 220 RXR Plaza, Uniondale, NY 11556.

2.    Upon information and belief, Defendant Export-Import Bank of the United States ("Ex-Im Bank") is an independent federal agency whose mission is to facilitate exports and

imports of goods and services between the United States and any foreign country. Ex-Im Bank's principal place of business is located at 811 Vermont Avenue, NW, Washington, DC 20571.

## JURISDICTION AND VENUE

3. This District Court has jurisdiction over this civil action in accordance with 28 U.S.C. § 1346.

4. The powers and functions of the Ex-Im Bank are set forth in 12 U.S.C. § 635, specifically including "to sue and to be sued, to complain and to defend in any court of competent jurisdiction."

5. Venue in this District is proper in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. In addition, the multiple contracts between the parties provide that they be "governed by, and construed in accordance with the laws of the State of New York."

## FACTUAL BACKGROUND

6. As part of its mission to facilitate exports and imports of goods between the United States and foreign countries, the Ex-Im Bank provides a 90% loan-backing guarantee.

7. In March 2011, the Plaintiff Bank entered into a Master Guarantee Agreement and Delegated Authority Letter Agreement with Defendant Ex-Im Bank by which the Bank became a Designated Authority Lender. A true and correct copy of the Master Guarantee Agreement Delegated Authority Letter Agreement are attached hereto as "Exhibit 1."

8. Designated Authority Lenders are authorized to commit the Ex-Im Bank's guarantee on a loan facility as soon as the lender has made its own internal credit approval.

9. On June 5, 2013, the Bank and A2Z Perfumes, Inc. ("A2Z") entered a twelve month revolving line of credit note in an amount not to exceed $1,000,000 to A2Z which

included a provision for a 90% loan guarantee from the Ex-Im Bank in exchange for an "annual facility fee of $5,000 payable to the Export-Import Bank." A true and correct copy of the revolving line of credit note is attached hereto as "Exhibit 2."

10. Concomitant with the line of credit note referenced in the above paragraph, the Bank and the Ex-Im Bank entered a Working Capital Guarantee dated June 3, 2013 specifying the Ex-Im Bank guarantee on the A2Z line of credit as No. AP088065XX. A true and correct copy of the Working Capital Guarantee is attached hereto as "Exhibit 3."

11. This contract specifically provided for renewal of the guarantee upon the renewal of the underlying line of credit.

12. In July 2014, the A2Z revolving line of credit was renewed for an additional twelve months including, as part of the loan extension, a requirement that A2Z carry an Ex-Im Bank guarantee for another twelve months ("Renewal Period") in return for the payment of another facility fee of $5,000. A true and correct copy of the revolving line of credit renewal is attached hereto as "Exhibit 4."

13. Additionally, in accordance with Section 4.18 labeled "Renewals" in Exhibit 1, Plaintiff at no time communicated to Ex-Im Bank that it did not intend on renewing the revolving loan. Instead the Bank made it clear to the Ex-Im bank that they intended on renewing the revolving loan. In fact, on July 22, 2014, the Bank's loan officer on the A2Z account sent an e-mail to the Bank's relationship manager at the Ex-Im Bank stating "Please advise if you have received the *renewal fee* from A2Z Perfumes." (*Emphasis* added.) A true and correct copy of the e-mail is attached hereto as "Exhibit 5."

14. On July 23, 2014, the Ex-Im Bank relationship manager sent a reply e-mail to the Plaintiff stating, "Thank you. We have received a check i/a/o $5,000.00." (i/a/o = in the amount of). A true and correct copy of the e-mail is attached hereto as part of Exhibit 5.

15. At no time during the Renewal Period did the Ex-Im Bank or any other person at the Ex-Im Bank indicate to the Plaintiff that its guarantee was not in effect during the Renewal Period.

16. At no time did the Ex-Im Bank return the acknowledged receipt of the second payment of a $5,000 Facility Fee for the renewal of the A2Z loan guarantee.

17. In reliance on the Defendant's actions and inactions as described in the above paragraphs, Plaintiff continued to make the A2Z line of credit available throughout the Renewal Period.

18. Default on the A2Z loan commenced in May, 2015 in the form of non-compliance with the terms of the line of credit note, and all payments on the line of credit ceased in September, 2015 with an unpaid balance and interest arrears in excess of $1,000,000.

19. On October 8, 2015, the Bank submitted a claim to the Ex-Im Bank for full payment under the terms of the credit guarantee agreement initially executed in 2013 and extended for another twelve months in 2014. A true and correct copy of the claim is attached hereto as "Exhibit 6."

20. On October 30, 2015, the Ex-Im Bank denied in full the Bank's claim on the grounds that it constituted a "late filing." A true and correct copy of the denial is attached hereto as "Exhibit 7."

21. Plaintiff, through its counsel, submitted a letter on December 17, 2015 to the Ex-Im Bank taking exception to the stated basis for the denial of claim. A true and correct copy of the letter is attached hereto as "Exhibit 8."

22. In a letter dated January 5, 2016 to "supplement and clarify" its decision, the Ex-Im Bank stated that the 2013 Working Capital Agreement No. AP088065XX was never renewed notwithstanding "The existence or not of the $5,000 Facility Fee payment." A true and correct copy of the letter is attached hereto as "Exhibit 9."

23. On February 12, 2016, the Bank's counsel submitted a formal petition for Reconsideration to the Ex-Im Bank's Claim Reconsideration Committee. A true and correct copy of the petition is attached hereto as "Exhibit 10."

24. On July 13, 2016, the Ex-Im Bank informed the Bank's counsel that the Reconsideration Committee "voted to uphold the original decision to deny your claim" and that "the file is now closed." A true and correct copy of this document is attached hereto as "Exhibit 11."

## Count I – Breach of Contract

25. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 24 of this Complaint.

26. Ex-Im Bank has breached Working Capital Agreement No. AP088065XX, as renewed in July, 2014, by failing to satisfy the Plaintiff's claim relating to the unpaid loan.

27. Plaintiff has been damaged as a direct and proximate result of Defendant's breach of contract and has suffered damage of at least $900,000.00.

WHEREFORE, Plaintiff seeks entry of an Order directing Ex-Im Bank to immediately pay the sum of at least $900,000, plus interest, costs and attorneys' fees and such other relief as this Court may deem appropriate.

### Count II – Breach of Implied Contract

28.  Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 24 of this Complaint.

29.  Ex-Im Bank agreed to provide guarantee coverage of any non-payment of any principal and interest due under the renewal of Working Capital Agreement No. AP088065XX by acknowledging payment of the renewal fee in 2014 and interposing no objection to any aspect of Plaintiff's contract performance during the Renewal Period.

30.  Bank relied on Ex-Im Bank's acknowledgment of payment of the renewal fee, and extended the line of credit loan with A2Z based on this reliance.

31.  Ex-Im Bank breached the Working Capital Agreement No. AP088065XX, as renewed in July, 2014, by failing to satisfy the Plaintiff's claim relating to the unpaid loan.

32.  Plaintiff has been damaged as a direct and proximate result of Defendant's breach of contract and has suffered damage of at least $900,000.00.

WHEREFORE, Plaintiff seeks entry of an Order directing Ex-Im Bank to immediately pay the sum of at least $900,000, plus interest, costs and attorneys' fees and such other relief as this Court may deem appropriate.

### Count III – Breach of Fiduciary Duty

33.  Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 24 of this Complaint.

34. Plaintiff was and remains to this date a Designated Authority Lender pursuant to an undisputed contract executed on March 9, 2011. This is a preferred category for "Lending Partners," as described in Ex-Im Bank publications, which requires specific prior training and qualification under the auspices of the Ex-Im Bank and allowing the Ex-Im Bank to conduct periodic on-site examinations of the lenders and to review ongoing transactions. Because of this special relationship, Ex-Im Bank owed Flushing Bank a duty of loyalty and candor.

35. The obligations of the Ex-Im Bank included the duty to convey to Flushing Bank any additional material conditions it may have considered unfulfilled as part of the guarantee coverage.

36. Had Plaintiff known that it was the Ex-Im Bank's position that the initial Ex-Im guarantee on the A2Z loan had not been renewed, it would not have continued providing credit on the underlying line of credit. Indeed, the renewal of the Ex-Im Bank guarantee was a specific precondition of the 2014 extension of A2Z's line of credit as executed in 2013.

37. Plaintiff has been damaged as a direct and proximate result of Defendant's breach of its fiduciary duty to a Delegated Lender Partner through failure to make an appropriate disclosure upon acknowledgement of the receipt of the renewal payment in 2014 that the $5,000 payment did not "in itself confirm the existence of the Loan Facility" as the Ex-Im Bank later claimed in its 2015 letter of claim denial.

38. Plaintiff has been damaged as a direct and proximate result of Defendant's breach of its duty of care and has suffered damage of at least $900,000.00.

WHEREFORE, Plaintiff seeks entry of an Order directing Ex-Im Bank to immediately pay the sum of at least $900,000, plus interest, costs and attorneys' fees and such other relief as this Court may deem appropriate.

### Count IV – Negligence

39. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 24 of this Complaint.

40. Defendant had an ordinary duty of reasonable care in carrying out its guarantee program.

41. Ex-Im Bank breached its duty of care by failing to dispel or even attempting to dispel Plaintiff's reasonable belief that the statement by Defendant's employee and "relationship manager" that the renewal payment had been "received" was sufficient for purposes of obtaining an extension as to the A2Z loan as previously approved as a Delegated Authority Lender.

42. Had Plaintiff known there were additional filing requirements necessary to secure the renewal of the guarantee coverage to coincide with the renewal of the underlying line of credit, they would have provided said necessary requirements.

43. Plaintiff has been damaged as a direct and proximate result of Defendant's breach of its duty of care and has suffered damage of at least $900,000.00.

WHEREFORE, Plaintiff seeks entry of an Order directing Ex-Im Bank to immediately pay the sum of at least $900,000, plus interest, costs and attorneys' fees and such other relief as this Court may deem appropriate.

### Count V – Estoppel

44. Plaintiff realleges and incorporates herein the allegations of paragraphs of 1 through 24 of this Complaint.

45. Defendant represented to the Plaintiff that its guarantee on the 2014 renewal of the A2Z line of credit was in place by the combination of its employee/relationship manager

acknowledging receipt of payment and the complete absence of any further communication on the transaction until Plaintiff's claim for contract performance.

46. At all material times, Defendant held itself out as Plaintiff's "lender partner."

47. In reliance thereon, Plaintiff reasonably continued its lending relationship with A2Z.

48. Ex-IM Bank is estopped from now claiming that the A2Z revolving line of credit loan was not covered by an Ex-Im Bank guarantee.

49. Plaintiff has been damaged as a direct and proximate result of Defendant's change in position regarding the receipt of payment and has suffered damage of at least $900,000.00.

WHEREFORE, Plaintiff seeks entry of an Order directing Ex-Im Bank to immediately pay the sum of at least $900,000, plus interest, costs and attorneys' fees and such other relief as this Court may deem appropriate.

    Respectfully submitted,

    JONES WALKER LLP
    350 5th Avenue, Suite 5200
    New York, NY 10118
    Telephone: 212-759-7025

    */s/ Enrico Anthony Lazio*
    Enrico Anthony Lazio, Esq.
    Bar No.: 1929207
    E.D.N.Y. Bar No.: 261985

**DEFENDANT TO BE SERVED BY PRIVATE PROCESS SERVER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FLUSHING BANK successor to
FLUSHING SAVINGS BANK, F.S.B.
220 RXR Plaza
Uniondale, NY 11556,

Index No.:

Plaintiff

v.

**VERIFICATION**

EXPORT-IMPORT BANK OF THE
UNITED STATES
811 Vermont Avenue, NW
Washington, DC 20571,

Defendant.
_____/

STATE OF __New York__ )

COUNTY OF __Nassau__ )

**JOSEPH BALDASARE**, being duly sworn, deposes and says:

1. I am a Senior Vice President of the Plaintiff in the within action, Flushing Bank, successor to Flushing Savings Bank, F.S.B. (the "Plaintiff").

2. I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters thereon which are stated as to be alleged upon information and belief, and as to those matters I believe them to be true. I certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the contentions made herein are not frivolous as defined in Federal Rules of Civil Procedure Rule 11;

3. My belief as to those matters therein not stated upon knowledge, is based upon books and records held in our office.

4. The reason I am making this Verification is that the Plaintiff is a banking organization organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 220 RXR Plaza, Uniondale, New York.

FLUSHING BANK successor to
FLUSHING BANK, F.S.B.

_____
Joseph Baldasare
Senior Vice President

I certify that on the 25 day of October 2016, Joseph Baldasare as Senior Vice President for Flushing Bank, who is known to me, appeared before me and affirmed under oath that the foregoing was true and correct to the best of his knowledge, information, and belief.

_____
Notary Public
Print Name: _____
My Commission Expires: _____

JEREMY APPLEBAUM
Notary Public - State of New York
No. 01AP6270222
Qualified in Nassau County
My Commission Expires October 15, 2020